﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 191028-39973
DATE: April 30, 2020

ORDER

Entitlement to service connection for a left lower extremity neurological disorder is denied.

Entitlement to service connection for a right lower extremity neurological disorder is denied.

FINDING OF FACT

The Veteran’s lower extremity radiculopathy is not due to, the result of, or aggravated by service or a service-connected disease or injury.

CONCLUSIONS OF LAW

1. The criteria for service connection for a left lower extremity neurological disorder have not been satisfied. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

2. The criteria for service connection for a right lower extremity neurological disorder have not been satisfied. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran served on active duty from May 2007 to August 2009.

This matter is on appeal to the Board of Veterans’ Appeals (Board) from an August 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). The August 2019 rating decision was a Higher-Level Review decision that considered the evidence of record at the time of a previous decision by the RO in June 2019. 38 C.F.R. §§ 3.2500(a), 3.2601. In November 2019, the Veteran timely appealed the rating decision pertaining to the issue above and requested direct review of the evidence considered by the RO. 38 C.F.R. § 20.202.

Generally, to establish service connection, a claimant must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called “nexus” requirement. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303; see also Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). A disability that is proximately due to, the result of, or aggravated by a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310.

In the August 2019 rating decision, the RO made the following favorable findings: the Veteran has been diagnosed with a current disability of left and right lower extremity peripheral neuropathy, and the claimed issue is secondary to the primary nonservice-connected disability.

As an initial matter, although a VA medical opinion has not been obtained related to the claimed left and right lower extremity neurological disorders, the Board finds that an opinion is not required because there is neither evidence of in-service incurrence or a suggestion of a link between the disorders and service. Therefore, the evidence is insufficient to trigger VA’s duty to assist by providing a medical opinion regarding service connection. 38 U.S.C. § 5103A(d); 38 C.F.R. § 3.159(c)(4); see also McLendon v. Nicholson, 20 Vet. App. 79 (2006). Notably, when the Veteran filed this claim, he indicated his lower extremity neurological issues were secondary to a back disability rather than directly related to service. He is currently service connected for unspecified depressive disorder and anxiety disorder, but not a back disability. No competent evidence suggests that the Veteran’s lower extremity complaints are related to his psychiatric disorder such that a medical opinion would be necessary. 

The Veteran has current left and right lower extremity neurological disorders. For example, during his August 2019 VA back examination, he was diagnosed with bilateral lower extremity lumbar radiculopathy. Thus, the remaining question is whether the current left and right lower extremity neurological disorders are related to service or a service-connected disability. 

Service treatment records show no complaints, diagnosis, or treatment related to left or right lower extremity neurological disorders. Although the Veteran does not have a separation examination on file, during a February 2009 periodic health assessment, the evaluation of his health showed no risk or health concerns. Specifically, on pain assessment with zero pain to severe, the Veteran marked “0.”

A left or right lower extremity neurological disorder is not shown by medical evidence until approximately February 2017, many years after the Veteran’s separation from service. Regarding onset of symptoms related to left and/or right lower extremity peripheral neuropathy disability, post-service the Veteran has reported that it was caused by “botched low back surgery.” 

After review of the evidence, the Board finds that the Veteran’s left and right lower extremity neurological disorders are not related to his military service or to a service-connected disability. The Veteran does not claim, nor does the record reflect, that he had any symptoms related to left and right lower extremity neurological disorders during, or on an ongoing basis, since service. The earliest medical evidence of record indicating the presence of left and right lower extremity neurological disorders is many years after his separation from active service. No competent evidence suggests any relationship between the current lower extremity radiculopathy and service. There is no evidence in significant conflict with the above finding.

In the August 2019 rating decision, the RO gave a favorable finding that the Veteran’s left and right lower extremity peripheral neuropathy is secondary to the Veteran’s low back disability, and the Board is bound by that decision to the extent it is favorable to the Veteran. However, the Veteran is not currently service connected for his low back disability. There is no competent medical evidence suggesting that the current left and right lower extremity neurological disorders were caused or aggravated by his service-connected psychiatric disorders. Therefore, secondary service connection is not warranted. 38 C.F.R. § 3.310.

Based on the foregoing, the Board finds that the preponderance of the evidence is against a grant of service connection for left and right lower extremity neurological disorders on a direct or secondary basis. In reaching this conclusion, the Board has considered the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran’s claims, that doctrine is not applicable, and service connection must be denied. 38 U.S.C. § 5107(b).

 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. J. Kim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.